# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SALLY D. VILLAVERDE,

    *Petitioner*,

vs.

GREG SMITH, *et al.*,

    *Respondents*.

3:10-cv-00347-LRH-RAM

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the petition and accompanying motion for appointment of counsel, following upon petitioner's payment of the filing fee (#4).

    Following initial review, the Court will grant the motion for appointment of counsel, taking into account the lengthy sentence including, *inter alia*, consecutive life sentences without the possibility of parole, the number and complexity of the claims and potential procedural issues, and petitioner's assertion that Spanish is his native language and that his English language abilities are limited.

    The Court notes the following, however.

    First, the appointment of counsel does not signify any definitive express or implied holding that petitioner is incapable of communicating adequately in English in pursuit of a legal matter. Petitioner has filed an 82-page federal petition that contains 26 claims, and the online docket records of the Supreme Court of Nevada reflect that petitioner sought to file *pro se* submissions on his represented direct appeal. While petitioner asserts that he has been helped by other inmates, the petition form does not identify in the appropriate space the name of any person who wrote the petition other than petitioner.

Second, the appointment of counsel further does not signify any definitive express or implied holding that petitioner improperly was denied an evidentiary hearing in the state post-conviction proceedings and/or that an evidentiary hearing will be required herein.

Third, federal habeas counsel is not being appointed to act as a mere scrivener to restate and reassert each and every allegation and claim presented by petitioner *pro se*. For example, it does not appear that the claims of error in the state post-conviction proceedings in Grounds 24 and 25 are cognizable in a federal habeas corpus proceeding as independent constitutional claims. The Court has jurisdiction under 28 U.S.C. § 2254 to consider a collateral challenge to a state court judgment of conviction, not to consider collateral challenges alleging constitutional error as to other state court judgments. The Court is not appointing counsel to pursue claims or arguments that, in counsel's independent professional judgment, have no arguable merit in a federal habeas corpus proceeding.

Fourth, petitioner thus should not assume that the Court will automatically appoint replacement counsel in the event that petitioner and appointed counsel do not agree on what claims or arguments should be presented. Appointed counsel's task is to pursue claims that counsel, in his or her own independent professional judgment, believes that a court may find meritorious, not to present claims that petitioner, who is not an attorney, believes to be meritorious. Counsel is under absolutely no obligation to "follow petitioner's instructions" as to what claims or arguments to present and how to present them. Accordingly, presenting the Court with an alleged conflict between counsel and petitioner based upon a disagreement over how to pursue this case will not necessarily lead to an appointment of replacement counsel. Subject to the circumstances presented at the time, the Court potentially could instead find that the interests of justice no longer warrant the continued appointment of any counsel, based upon the premise that if petitioner has such an allegedly irreconcilable conflict with one competent attorney, the situation is not likely to be different with another competent attorney. Counsel, again, is not being appointed to pursue claims that petitioner believes to be meritorious but, instead, is being appointed to pursue claims that, in counsel's independent professional judgment, have arguable merit. Competent federal habeas counsel may well not pursue all of the claims, allegations and arguments in the current pleading.

/ / / /

Fifth, the Court will not entertain *pro se* filings from petitioner when he is represented by appointed counsel. Following the appointment of counsel, petitioner may pursue this matter only through filings by counsel.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and accompanying motion for counsel.

IT FURTHER IS ORDERED that the motion for counsel is GRANTED and that the Clerk shall reflect in docketing the motion that the motion is granted by this order, in a manner consistent with the Clerk's current practice. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition will be set after counsel has entered an appearance. The Court anticipates setting the deadline for one hundred fifty (150) days based upon the current record.

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk of Court shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of this Court.

The Clerk accordingly shall send a copy of this order (together with an attachment with copies of the petition and accompanying papers) to the *pro se* petitioner, the Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division.

DATED this 12th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE