# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SALLY D. VILLAVERDE,

    *Petitioner*,

vs.

GREG SMITH, *et al.*

    *Respondents*.

3:10-cv-00347-LRH-WGC

ORDER

    This represented habeas matter comes before the Court for screening review of the counseled amended petition (#20).

    It has taken the Court longer to return to this case for screening review than it would have preferred. The Court accordingly will be putting a number of procedures into motion at substantially the same time in an effort to bring all procedural and merits issues presented by the amended petition to a resolution by September 30, 2013, if possible.

    On initial review, it appears that: (a) the petition has not been verified as required by Rule 2(c) of the Rules Governing Section 2254 Cases (the "Habeas Rules") and 28 U.S.C. § 2242; (b) Ground 3 is not exhausted, does not fully relate back to a timely-presented claim in the original petition, and does not state a claim upon which relief may be granted in part; and (c) Ground 4 is not exhausted, does not relate back to a timely-presented claim, and fails to state a claim upon which relief may be granted.

    Habeas Rule 2(c) and § 2242 require that a petition be signed and verified under penalty of perjury by the petitioner or by a person authorized to sign for the petitioner. The Court will give petitioner twenty (20) days to correct this deficiency while other proceedings are ongoing, on the assumption that petitioner will promptly correct the deficiency in advance of the remaining proceedings.

Ground 3 does not appear to be exhausted, to fully relate back to a timely-presented claim in the original petition, or to state a claim upon which relief may be granted in part.

In Ground 3 of the amended petition, petitioner alleges in the heading of the ground that the Supreme Court of Nevada "abused its discretion" and violated petitioner's Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment right to due process of law when the court "affirmed no error when the district court stated that a Life with the Possibility of Parole was the same as Life without the Possibility of Parole." The heading suggests that the claim is grounded in the state district court allegedly equating life with the possibility of parole with life without the possibility of parole. However, the ground contains only one paragraph directed to such a claim. The remaining nearly four pages of the ground instead present claims that: (a) petitioner's sentence of life without the possibility of parole was extreme based upon his prior criminal history, (b) he should have been sentenced to a lesser sentence based upon mitigating factors because petitioner allegedly did not actually "directly" kill the victim and attempted to save the victim's life after he was shot; and (c) the disparity between his sentence and that of his co-defendant Roberto Castro "violates his Eighth Amendment Constitutional right to an appropriate sentence that matches his involvement in the death of Caminero, which is nonexistent."[1]

Ground 3 appears to be unexhausted for two reasons.[2]

---

[1] #29, at 25-29.

[2] Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Under *Rose v. Lundy*, 455 U.S. 509 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

First, petitioner did not present any federal constitutional substantive claim to the Supreme Court of Nevada based upon sentencing error. On direct appeal, petitioner argued only that the sentencing court's statement about life sentences with and without the possibility of parole rendered the intent of the sentencing court unclear and required a remand for clarification. Petitioner invoked no federal constitutional provision and articulated no federal legal theory in support of the claim.[3]

Second, petitioner presented no operative facts to the state courts in support of the state-law claim that was presented based upon: (a) petitioner's sentence being extreme based upon his prior criminal history; (b) a lesser sentence being appropriate because petitioner allegedly did not actually "directly" kill the victim; or (c) petitioner's sentence being disproportionate to his co-defendant's sentence.[4]

It thus appears that Ground 3 is unexhausted because petitioner did not present the federal legal theory and many of the operative facts in Ground 3 to the state courts.

Amended Ground 3 further does not appear to relate back to a timely claim in the original petition to the extent that it is based upon the unexhausted operative factual allegations outlined above.[5] In original federal Ground 6, petitioner essentially tracked the factual allegations of the claim presented on direct appeal, under a heading alleging a violation of due process.[6] None of the unexhausted operative facts outlined above thus were included in the claim in the original federal petition. Petitioner therefore must demonstrate why the ground as so expanded should not be dismissed as untimely.

---

[3] #24, Ex. 85, at vi & 12-13 (electronic docketing pages 70 & 82-83).

[4] *Id.*

[5] A new claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657.

[6] See #8, at handwritten page numbers 23-24.

1   Ground 3 further does not appear to state a claim upon which relief may be granted on federal 2 habeas review to the extent that petitioner alleges that either the state supreme court or district court 3 abused their discretion, that the sentence is extreme based upon his prior criminal history, and/or that 4 he should have been sentenced to a lesser sentence due to mitigating factors. Federal courts do not 5 review for alleged errors in applying state law or in applying discretion either in sentencing or in 6 appellate review of sentencing.

7   Ground 4 does not appear to be exhausted, to fully relate back to a timely-presented claim in the 8 original petition, or to state a claim upon which relief may be granted.

9   In Ground 4, petitioner alleges that the state district court violated petitioner's Eighth 10 Amendment right to be free from cruel and punishment and Fourteenth Amendment right to due process 11 of law when it sentenced him on June 3, 2004, to a mandatory equal consecutive term on the weapon 12 enhancement instead of applying an amendment to N.R.S. 193.165 allowing for more flexible 13 sentencing options on the enhancement that was enacted over three years later on June 14, 2007. 14 Petitioner essentially acknowledges that the Supreme Court of Nevada held in *State v. Second Judicial* 15 *District Court (Pullin)*, 124 Nev. 564, 188 P.3d 1079 (2008), that the statute does not apply retroactively 16 to offenders who committed their crimes prior to the effective date of the amendment but who were 17 sentenced after that date. He urges, however, that "[a]lthough the statute cannot be applied 18 retroactively, should this case be remanded back to the district court for sentencing, it would be 19 available for the judge to use to apply a more specific and appropriate punishment for the deadly 20 weapons enhancement."[7]

21   It does not appear that this ground was presented in any state proceeding or in the original 22 federal petition, and the ground does not appear to arise from the same operative facts as any timely 23 claim in the original petition. It thus appears that the ground is unexhausted, does not relate back, and 24 is untimely.

25   The ground further does not appear to state a claim upon which relief may be granted. Petitioner 26 is not in the Supreme Court of Nevada. This Court will not be remanding the case to the state district

---

[7] #29, at 29-30.

-4-

court for sentencing. Even if petitioner were to obtain federal habeas relief on Ground 3 – which currently would appear *inter alia* to be unexhausted – and petitioner were resentenced as a result of a federal writ of habeas corpus, the 2007 amendment to N.R.S. 193.165 would not apply to his case under the holding in *Pullin*. The Supreme Court of Nevada, the final arbiter of Nevada state law, held in *Pullin* that the 2007 amendment to N.R.S. 193.165 does not apply retroactively to offenders who committed their crimes prior to the effective date of the amendment even if sentenced after that date. Thus, regardless of when any *arguendo* resentencing were to occur, petitioner's offense date still would be prior to the effective date of the amendment. Thus, regardless of when any *arguendo* resentencing were to occur, the amendment to N.R.S. 193.165 would not apply to the resentencing.

Further to the point, while petitioner may wish to have the amendment applied *if* he were resentenced in a hypothetical future proceeding, where is the violation of either the Eighth Amendment or the Due Process Clause on the current actual record? Petitioner's conclusory allegation that the state district court violated the Eighth and Fourteenth Amendments when it did not sentence him in 2004 under a statutory amendment that was not enacted until three years later in 2007 does not even make logical sense, much less state a claim for relief under the federal constitution. Petitioner must present a specifically articulated federal constitutional argument tending to establish a plausibly viable claim, not merely conclusorily invoke constitutional provisions.

IT THEREFORE IS ORDERED that, within **twenty (20) days** of entry of this order, petitioner shall file a verification declaring under penalty of perjury pursuant to 28 U.S.C. § 1746 that the allegations of the amended petition are true and correct.

IT FURTHER IS ORDERED that respondents shall have **thirty (30) days** from entry of this order within which to file a motion to dismiss **if** respondents wish to raise procedural defenses over and above those identified in this screening order. As to all procedural defenses *other than* those raised in this screening order, the following provisions apply. Any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case

1  that consolidates their procedural defenses, if any, with their response on the merits, except pursuant
2  to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek
3  dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to
4  dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for
5  dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In
6  short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All
7  procedural defenses, including exhaustion, instead must be raised by motion to dismiss, if not otherwise
8  noted in this screening order.

9  IT FURTHER IS ORDERED that, within **sixty (60) days** of entry of this order, petitioner: **(a)**
10 shall SHOW CAUSE in writing why the petition should not be dismissed in whole or in part because
11 Ground 3 is not exhausted, does not fully relate back to a timely-presented claim in the original petition,
12 and does not state a claim upon which relief may be granted in part and because Ground 4 is not
13 exhausted, does not relate back to a timely-presented claim, and fails to state a claim upon which relief
14 may be granted; and **(b)** further shall respond to any motion to dismiss filed by respondents.

15 IT FURTHER IS ORDERED that any alternative request for a stay to exhaust claims must be
16 sought by a separate, stand-alone motion separate and apart from any show-cause response or opposition
17 to a motion to dismiss. Any such motion for a stay must be filed within **sixty (60) days** of entry of this
18 order. **If petitioner does not timely file a separate motion to stay in compliance with this order,**
19 **any other noncompliant request for a stay embedded in other filings will be disregarded and the**
20 **issue will have been defaulted by petitioner.**

21 IT FURTHER IS ORDERED that respondents shall have **seventy-five (75) days** from entry of
22 this order within which to file: (a) a response to petitioner's show-cause response; (b) a reply in support
23 of any motion to dismiss filed; and (c) a response to any motion to stay filed.

24 IT FURTHER IS ORDERED that petitioner shall have **ninety (90) days** from entry of this order
25 within which to file a reply in support of any motion to stay filed, with the proviso that any such reply
26 shall not be used to provide surreply argument with regard to issues raised by the show-cause order or
27 a motion to dismiss.

28    / / / /

-6-

IT FURTHER IS ORDERED that requests for extension of the foregoing deadlines will not be considered except in extraordinary circumstances. Conflicts between the competing demands of cases filed in this Court should be resolved by seeking an extension in the later-filed case, absent extraordinary circumstances.[8]

DATED this 12th day of April, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[8]To recap, this order establishes the following schedule, calculated from the date of entry of this order:

| | |
|---|---|
| 20 days | Verification by petitioner |
| 30 days | Any motion to dismiss by respondents |
| 60 days | Petitioner's (a) response to show-cause order, (b) response to any motion to dismiss, and (c) any motion to stay by petitioner |
| 75 days | Respondents' (a) response to petitioner's show-cause response, (b) reply in support of any motion to dismiss, and (c) response to any motion to stay |
| 90 days | Petitioner's reply in support of any motion to stay, only |