UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALLY D. VILLAVERDE,<br><br>                     Petitioner,<br>v.<br><br>GREG SMITH, et al.,<br><br>                     Respondents. | Case No. 3:10-cv-00347-MMD-WGC<br><br>ORDER |

This represented habeas action comes before the Court on: (a) a pending show-cause inquiry (dkt. no. 31); (b) an unopposed motion to dismiss by respondents (dkt. no. 35); (c) two unopposed motions to strike intervening amended petitions by respondents (dkt. nos. 38 & 42); and (d) a motion for leave to file a third amended petition by petitioner (dkt. no. 43), which is opposed by respondents.

I.     **BACKGROUND**

A number of response deadlines have passed in this matter, both deadlines for particular action following an order and deadlines for responding to particular motions. The Court therefore details the relevant procedural history below.[1]

By a screening order (dkt. no. 31) entered on April 16, 2013, the Court, *inter alia*, directed petitioner to show cause why Grounds 3 and 4 in the counseled amended petition (dkt. no. 29) should not be dismissed on a number of bases particular to each

---

[1] The last filing in this matter prior to this order was a notice of hospitalization of petitioner's counsel. Ms. Wilson since has been filing papers in other matters, and the Court trusts that counsel has returned to good health. The referenced hospitalization postdates the expiration of the deadlines discussed herein.

ground. In an effort to move the case to a prompt resolution, the order further established a deadline for respondents to file a motion to dismiss if they wished to raise additional procedural defenses. The order set deadlines for petitioner to respond to the show-cause order and to any motion to dismiss filed. The order further set a deadline for petitioner to file any motion to stay, with the proviso that any request for a stay must be presented by a separate stand-alone motion. The order stated: **"If petitioner does not timely file a separate motion to stay in compliance with this order, any other noncompliant request for a stay embedded in other filings will be disregarded and the issue will have been defaulted by petitioner."** (Dkt. no. 31, at 6 (bold emphasis in original.))

On May 7, 2013, respondents filed a motion to dismiss (dkt. no. 35) seeking the dismissal additionally of a portion of Ground 1 as unexhausted and meritless.

On May 15, 2013, the Clerk received and filed a *pro se* second amended petition (dkt. no. 37) submitted in proper person by the represented petitioner.

On May 20, 2013, respondents filed a motion to strike the second amended petition (dkt. no. 38).

No opposition was filed to the motion to strike.

On June 13, 2013, petitioner, through counsel, filed a motion for an extension of time to respond to the show-cause order and motion to dismiss (dkt. no. 39). The motion was filed within the time period established by the order for such responses.

On June 14, 2013, the Court granted the motion extending the time to respond to the show-cause order and the motion to dismiss until July 15, 2013 (dkt. no. 40).

On July 15, 2013, petitioner filed a counseled third amended petition (dkt. no. 41). The amended petition was not accompanied by a motion for leave to amend. The Court's prior orders had neither directed the filing of the amended petition nor granted leave for petitioner to do so.

Petitioner did not respond to either the show-cause order or the pending motion to dismiss by the July 15, 2013, deadline. Petitioner filed no separate motion for a stay

2

with regard to any unexhausted claims by the deadline. Petitioner filed no motion seeking an extension of the applicable deadlines, whether pending any other determination or otherwise.

On July 24, 2013, respondents filed a motion to strike the third amended petition (dkt. no. 42).

No opposition was filed to the motion to strike.

On August 20, 2013, petitioner filed a counseled motion for leave to file a pleading styled as a third amended petition (dkt. no. 43). Petitioner did not attach a separate pleading with the motion. The motion instead incorporated the pleading within the motion. It appears that counsel added the words "motion for leave to file" to the title of the prior pleading (dkt. no. 41) and added an introductory motion paragraph. The remainder of the paper appears to be from the prior pleading, without even a motion prayer added at the end.

Respondents have opposed the motion for leave on, *inter alia*, the ground that petitioner failed to comply with the requirement of the local rules that a motion for leave to amend must submit a separate, stand-alone proposed pleading.

## II.  DISCUSSION

Petitioner has not opposed the motions (dkt. nos. 38 and 42) to strike the second and third amended petitions (dkt. nos. 37 and 41). Those motions therefore will be granted and the pleadings will be stricken. Petitioner may not file pleadings in proper person while represented by counsel. Moreover, as to both pleadings, petitioner could not simply file a pleading in the procedural posture presented without leave of Court. *See* Fed. R. Civ. Pro. 15(a); Rule 12 of the Rules Governing Section 2254 Cases.

The motion (dkt. no. 43) for leave to file a third amended petition will be denied on the papers presented.

First, Local Rule LR 15-1(a) requires, *inter alia*, that "the moving party shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superceding pleading." Petitioner did not

comply with the rule. Petitioner asserts that "a motion for leave was filed and the third amended petition [was] attached." (Dkt. no. 45, at 3.) That is not what the record reflects that petitioner did. Petitioner provides no other argument regarding the noncompliance with the rule.

Second, a litigant does not have an unfettered right to unilaterally amend the pleadings after the time for amending the pleadings has expired under the scheduling order for a case. The directive under Rule 15(a)(2) that leave to amend should be freely given when justice so requires does not carry the same force where the court already has allowed amendment of the pleadings and the deadline for doing so under the court's scheduling order has expired. *See, e.g., Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (where the party previously has filed an amended pleading, the district court's discretion to deny further leave to amend is particularly broad); *cf. In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013) (in a case governed by a Rule 16 scheduling order, the party seeking leave must show good cause, including that the party was diligent in presenting the added claims for the first time in the amended pleading); *see also Davis v. Navarro*, 2010 WL 246905 (9th Cir. June 17, 2010) (unpublished; application to *pro se* inmate litigant); *Goldyn v. Clark County*, 2009 WL 2905983 (9th Cir. Sept. 11, 2009) (unpublished; represented inmate litigant).

In the present case, the Court granted the Federal Public Defender's motion to withdraw and appointed the panel attorney on June 7, 2011. The Court set a one hundred and fifty (150) day deadline to file a counseled amended petition, through November 7, 2011. The Court thereafter granted four extensions of time, extending the deadline through the May 4, 2012, filing of the first amended petition (dkt. no. 29). Over a year later, on May 15, 2013, petitioner filed his *pro se* second amended petition without leave. Counsel thereafter filed a counseled amended petition, also without leave, on July 15, 2013. While the Court makes no definitive resolution of the issue given the defective papers presented, it has substantial doubts as to whether petitioner

4

has demonstrated diligence and good cause for an amendment at this late juncture in the case. Merely because petitioner in proper person wished to present different claims after the Court ordered petitioner to file a verification of the first amended petition does not establish good cause or diligence. The Court was directing petitioner to comply with a clearly established requirement that should have been complied with, with any associated consultation between petitioner and counsel, in the first instance prior to May 2012 and without any order from this Court.[2]

Third, the fact that the present matter is a habeas matter is one that generally cuts against rather than in favor of further pleading amendments late in the case. A habeas action presents a collateral challenge to a presumptively valid state court judgment of conviction, in which the petitioner has the burden of timely and effectively challenging the otherwise final judgment. Presenting serial pleadings amendments late in the case cuts into the reviewing court's ability to resolve the challenge to the finality of the state criminal judgment as promptly as its docket otherwise allows. Moreover, habeas claims are subject to timeliness, exhaustion, and procedural default rules that

---

[2] As the record stands now, petitioner filed a verification of the first amended petition on April 22, 2013, by counsel acting on petitioner's behalf pursuant to 28 U.S.C. § 2242. Petitioner suggests that the first amended petition is not legitimate because, at some later point, petitioner allegedly refused to verify the pleading. Dkt. no. 45, at 2-3. What the record instead reflects is that: (a) the Court ordered the deficiency corrected on April 15, 2013; (b) petitioner apparently corrected the deficiency on April 22, 2013; (c) respondents thereupon filed a motion to dismiss per the scheduling order; and (d) thereafter petitioner started unilaterally filing *pro se* and counseled amended petitions without leave of court. Petitioner suggests that an amendment must be allowed to replace the purportedly illegitimate first amended petition. That is not necessarily the result that will follow if petitioner *arguendo* failed to properly amend the petition by the deadline in 2012.
Petitioner further suggests that an amendment is in some sense required because, while the Court "desire[d] to have been presented a briefer petition," petitioner "felt he must have each claim that had been previously presented" to the state supreme court to satisfy federal habeas pleading specificity rules. Dkt. no. 45, at 9. Petitioner points to no order by the Court limiting the claims or the number of claims that petitioner could raise in the first amended petition. There is no general practice in this Court restricting the size of a counseled amended petition in a habeas case to the 31 pages contained in the first amended petition in this case. *Cf. Bergna v. Benedetti*, Case No. 3:10-cv-00389-RCJ-WGC, dkt. no. 13 (137 page counseled amended petition). The time for petitioner to specifically plead the claims that he wanted to raise — under the same pleading standard in force in May 2012 — was in the first amended petition by the May 2012 deadline.

do not apply in the same manner in general civil litigation. Even if the original petition was timely under the one-year limitation period, new claims in an amended petition will be timely only if they relate back to a timely claim in the prior pleading that would be amended. This Court accordingly does not grant leave to amend a habeas petition after the deadline for doing so has expired unless the petitioner affirmatively demonstrates — at the outset within the motion for leave — that the amendment would not be futile given issues of timeliness, relation back, exhaustion, and procedural default. *See Foman v. Davis*, 371 U.S. 178 (1962) (futility of amendment); *Simpson v. Evans*, 2013 WL 1789789, slip op. at **2 (9th Cir. Apr. 29, 2013) (unpublished; applying rule in habeas case).

The motion for leave to amend therefore will be denied on the papers presented.

Turning to the remaining pending matters in the case, petitioner did not respond to either the show-cause order or the motion to dismiss by the extended deadline of July 15, 2013. As noted, petitioner did not seek any extension of the deadlines pending any other determination. The represented petitioner simply did not respond.[3] The grounds in the extant amended petition (dkt. no. 29) that were identified to be, *inter alia*, unexhausted therefore must be voluntarily dismissed by petitioner or the entire petition, as amended, instead must be dismissed for lack of complete exhaustion. Under the procedural history summarized *supra*, petitioner has defaulted any request for a stay to exhaust the claims in the state courts.

Finally, petitioner's counsel shall stop filing a duplicate set of exhibits with each amended petition tendered. If petitioner filed the same exhibits with a prior pleading that still is on file, there is no need to keep cluttering the record with the same material. Counsel should attach only any additional exhibits not attached with the prior pleading, numbered in sequence after the prior exhibit numbers. Moreover, if the respondents

---

[3] Counsel's unilateral supposition that the third amended petition — filed without a motion for leave to amend — mooted the show-cause inquiry and the motion to dismiss provided no viable basis for not responding to the show-cause order and motion to dismiss by the deadline.

filed the exhibit in question previously in this case — see dkt. nos. 23-24 — there is no need to file another copy of the same exhibit with an amended pleading. Both this Court and reviewing courts are looking only for a single set of indexed state court record exhibits relevant to the issues presented in the case, with only such exhibit filings as thereafter are necessary to supplement the existing set of exhibits. Except to any extent that respondents' filing in dkt. nos. 23-24 does not contain a particular exhibit in question, the Court will be referring to those indexed exhibits when reviewing state court record materials herein. Thus, if respondents have filed the relevant exhibits in those approaching 3000 pages of material, the Court does not need any more copies of the same material cluttering the record. Further, both petitioner and respondents — in all filings — should cite to the exhibit numbers in the respondents' exhibit filing in dkt. nos. 23-24, unless the exhibit is not included therein.

### III.  CONCLUSION

It is therefore ordered that petitioner's motion for leave to file a third amended petition (dkt. no. 43) is denied on the papers presented.

It is further ordered that respondents' motions to strike (dkt. nos. 38 & 42) are granted and that dkt. nos. 37 and 41 shall be stricken.

It is further ordered that respondents' motion to dismiss (dkt. no. 35) is granted in part to the extent consistent with the remaining provisions of this order.

It is further ordered, following upon the motion to dismiss and the prior show-cause order, that the Court holds that the following claims in the amended petition (dkt. no. 29) are not exhausted: (a) Ground 1 to the extent that the ground alleges that Teresa Gamboa's testimony was unreliable because it was presented at a preliminary hearing rather than at trial with the higher burden of proof applicable at trial; and (b) Grounds 3 and 4.

It is further ordered that petitioner shall have thirty (30) days from entry of this order within which to file a motion for dismissal without prejudice of the entire petition or for partial dismissal only of the unexhausted claims, which shall be expressly referred to

as specified in the subparagraphs (a) through (b) of the preceding paragraph above verbatim. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within ten (10) days thereafter, a signed declaration by petitioner in proper person under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed.

It is further ordered that the standard response and reply times under Local Rule LR 7-2 shall apply to any such motion filed, except that the response time shall run from the filing of the verification rather than the motion itself.

DATED THIS 14th day of March 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE