UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALLY D. VILLAVERDE,<br><br>　　　　　　　Petitioner,<br>　v.<br>GREG SMITH, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:10-cv-00347-MMD-WGC<br><br>ORDER |

This is a represented petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is petitioner's motion to reconsider this Court's order, *inter alia*, denying leave to file a third amended petition and striking several filings (dkt. no. 55). Respondents have opposed the motion (dkt. no. 58), and petitioner replied (dkt. no. 59).

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotations and citations omitted). A motion to reconsider must provide a court with valid grounds for reconsideration by: (1) showing some valid reason why the court should reconsider its prior decision, and (2) setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly

unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. IJ, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

In its previous order, this Court set forth at length the procedural background in this case up to that point (dkt. no. 47 at 1-3). That order denied petitioner's motion for leave to file a third amended petition for several reasons, including that the motion for leave to file a third amended petition and the third amended petition failed to comply with Local Rule 15-1, that the Court doubted that petitioner had demonstrated diligence and good cause for amendment at such a late stage in the case, and that the nature of a habeas matter — a collateral challenge to a presumptively valid state court proceeding — favored denying further amendments. (*Id.* at 5.)

Moreover, this Court noted that: "Merely because petitioner in proper person wished to present different claims after the Court ordered petitioner to file a verification of the first amended petition does not establish good cause or diligence. The Court was directing petitioner to comply with a clearly established requirement that should have been complied with, with any associated consultation between petitioner and counsel, in the first instance . . . and without any order from this Court." (*Id.*) The Court also pointed out that the record reflects that (a) the Court ordered the verification deficiency corrected on April 15, 2013; (b) petitioner apparently corrected the deficiency on April 22, 2013; (c) respondents thereupon filed a motion to dismiss per the scheduling order; and (d) thereafter petitioner started unilaterally filing *pro se* and counseled amended petitions without leave of court.[1] (*Id.* at n.2.)

This Court ultimately denied petitioner's motion for leave to file a third amended petition. (*Id.* at 7.) The order also granted in part respondents' motion to dismiss and, based on the motion to dismiss and the earlier show-cause order, concluded that part of

---

[1] This Court made it clear from the outset that it was not granting petitioner's motion and appointing counsel "to act as a mere scrivener to restate and reassert each and every allegation and claim presented by petitioner *pro se*. . . . [or] to pursue claims or arguments that, in counsel's independent professional judgment, have no arguable merit in a federal habeas corpus proceeding." (Dkt. no. 6, p. 2.)

ground 1, as well as grounds 3 and 4 of the amended petition (dkt. no. 29), were unexhausted. (*Id.* at 7.) Accordingly, the Court ordered petitioner to file, within thirty (30) days, a motion to dismiss without prejudice either the entire petition or the unexhausted claims. (*Id.*); *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). The Court explicitly informed petitioner that the entire petition would be dismissed without prejudice for lack of complete exhaustion if a motion and/or verification was not timely filed. (*Id.* at 8.)

Instead of responding to the order as directed by the Court, petitioner commenced filing several *pro se* motions. Petitioner, through counsel, also filed the motion for reconsideration. Petitioner has presented no basis to warrant this Court's reconsideration of its previous order. *Santa Monica Baykeeper*, 254 F.3d at 885; *Frasure*, 256 F.Supp.2d at 1183. The Court notes in particular that it is inaccurate to state that the amended petition — the operative petition — is unverified (*see* client verification, dkt. no. 34; motion for reconsideration, dkt. no. 55, p. 2; *see also* dkt. no. 47, p. 7). Further, petitioner, through counsel, filed his amended petition on May 4, 2012. (Dkt. no. 29.) More than a year later, petitioner filed a *pro se* second amended petition and, for the first time, claimed to disavow the first amended petition (*see* dkt. nos. 36, 37). Having carefully reviewed the motion for reconsideration as well as the previous filings in this case, the motion is denied.

It is therefore ordered that petitioner's motion for reconsideration (dkt. no. 55) is denied.

It is further ordered that petitioner, through counsel and as previously directed in the Court's order dated March 14, 2014 (dkt. no. 47), shall have thirty (30) days to file either a motion to dismiss the entire petition without prejudice or a motion to dismiss only the unexhausted claims.[2]

---

[2] This Court held that the following claims in the amended petition (dkt. no. 29) are not exhausted: (a) ground 1 to the extent that the ground alleges that Teresa Gamboa's testimony was unreliable because it was presented at a preliminary hearing *(fn. cont...)*

As this Court directed in its order dated March 14, 2014 (dkt. no. 47):

1. Petitioner shall file, contemporaneously to or within ten (10) days of filing a motion as described above, a declaration by petitioner in proper person under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court.

2. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed.

3. The standard response and reply times under Local Rule 7-2 shall apply to any such motion filed, except that the response time shall run from the filing of the verification rather than the motion itself.

It is further ordered that petitioner is expressly informed that no further motions for reconsideration, extension of time, or any other motions whatsoever will operate to extend the deadline set forth above.

It is further ordered that the following motions improperly filed *pro se* by petitioner are denied: motion for leave to file document in proper person (dkt. no. 49); motion to extend time (dkt. no. 50); motion to appoint new counsel (dkt. no. 51); motion to expedite request for new counsel (dkt no. 52); and motion for leave to file reply in pro per (dkt. no. 57).

It is further ordered that petitioner's *pro se* reply in support of the motion for reconsideration (dkt. no. 60) is stricken.

DATED THIS 30th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

*(…fn. cont.)*
rather than at trial with the higher burden of proof applicable at trial; and (b) grounds 3 and 4 (dkt. no. 47, p. 7).