UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SALLY D. VILLAVERDE,<br><br>                        Petitioner,<br>     v.<br>GREG SMITH, *et al.*,<br><br>                        Respondents. | Case No. 3:10-cv-00347-MMD-WGC<br><br>ORDER |

On March 28, 2016, this Court denied Sally D. Villaverde's *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus, and judgment was entered (ECF Nos. 70, 71).

Villaverde filed a notice of appeal with the Ninth Circuit Court of Appeals, which denied him a certificate of appealability on August 26, 2016 (ECF No. 74). The United States Supreme Court denied his petition for writ of certiorari on May 2, 2017, and denied his petition for rehearing on October 5, 2017 (ECF Nos. 77, 79).

On December 14, 2017, Villaverde filed a motion for reconsideration in this Court (ECF No. 80). Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Rule 60(b). *School Dist. No. 1J Multnomah Cty. v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

///

1

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)).

Villaverde states that he seeks reconsideration of the March 14, 2014 order granting in part respondents' motion to dismiss. (*See* ECF No. 47.) Most likely, Villaverde intended to seek reconsideration of this Court's March 28, 2016 order denying the petition on the merits. In any event, Villaverde apparently seeks, for the first time, to challenge the jury instructions given at trial. (*See* ECF No. 80.) Thus, he does not seek reconsideration, he seeks to litigate a new habeas claim. Villaverde would have to file a new habeas petition. Moreover, Villaverde must obtain authorization from the court of appeals to file a second and successive federal habeas petition challenging the same judgment of conviction. 28 U.S.C. § 2244(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court

///

of appeals for an order authorizing the district court to consider the application."). Accordingly, Villaverde's motion for reconsideration is denied.

It is therefore ordered that Petitioner's motion for reconsideration (ECF No. 80) is denied.

It is further ordered that Petitioner's application for leave to proceed *in forma pauperis* (ECF No. 81) and motion for default judgment (ECF No. 84) are both denied.

It is further ordered that counsel for Petitioner's motion to withdraw as counsel (ECF No. 82) is granted.

DATED THIS 20th day of April 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE